IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMIL and SHARON CLOUD

Plaintiffs

v.

ELECTROLUX HOME PRODUCTS, INC.

Defendant

CIVIL ACTION
NO. 15-00571

PAPPERT, J.                                                                           MAY 14, 2015

## MEMORANDUM

Before the Court is a Motion to Strike and Dismiss Plaintiffs' Amended Complaint filed by Defendant Electrolux Home Products, Inc. ("Electrolux"). (Doc. No. 12.) Electrolux argues that several paragraphs in the Amended Complaint are immaterial, impertinent, scandalous, and prejudicial and should therefore be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Electrolux further seeks to dismiss other paragraphs in the Amended Complaint that it believes set forth a claim for private nuisance. Finally, Electrolux asks the Court to strike certain paragraphs alleging intentional, willful, wanton, and reckless conduct as factually unsupported and then dismiss the consequent claim for punitive damages. The Court denies the motion.

## Background

Plaintiffs Emil and Sharon Cloud ("Clouds") allege that they purchased a ball-hitch type clothes dryer that Electrolux manufactured in June 2003. (Am. Compl. ¶ 5.) The dryer caught fire in October 2013, causing significant damage to the Clouds' home. (*Id.* ¶ 29.) The Clouds had to vacate their home while it was repaired. (*Id.* ¶ 30.) The Clouds allege that in 1995 and 1996 Electrolux redesigned its ball-hitch type dryers to replace many steel components with non-

fire retardant plastics. (*Id.* ¶ 12.) During this redesign and associated testing, Electrolux

allegedly became aware of the risk of fire that could spread outside the dryer cabinet. (*Id.* ¶ 16.)

Electrolux received numerous consumer complaints regarding ball-hitch dryer fires and in 2005

issued a recall of Electrolux ball-hitch dryers that had been sold in Japan. (*Id.* ¶ 21.) Electrolux

never issued a similar recall in the United States and continued to manufacture and sell ball-hitch

clothes dryers using non-fire retardant plastics despite the risk of fire they presented to

consumers. (*Id.* ¶ 24.) The Clouds filed suit in state court, asserting claims of strict liability and

negligence against Electrolux. Electrolux removed the action to this Court based on diversity

jurisdiction.

**Discussion**

Electrolux first asks the Court to strike paragraphs 10 through 26 of the Amended

Complaint because they contain averments that are immaterial, impertinent, scandalous, and

prejudicial. The paragraphs at issue relate to an alleged redesign and testing of Electrolux's ball-

hitch clothes dryer. During that redesign Electrolux allegedly became aware of the newly

designed product's tendency to catch fire. The paragraphs in question describe subsequent

consumer complaints of dryer fires and a Japanese recall of the product. Finally, they allege that

despite all of this, Electrolux never informed the Consumer Product Safety Commission, never

issued a product recall in the United States, and never informed the Clouds of the fire risk

associated with the ball-hitch dryer.

A "court may strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[S]triking a pleading is a drastic

remedy to be resorted to only when required for the purposes of justice and should be used

sparingly." *Pennington v. Wells Fargo Bank, N.A.*, 947 F. Supp. 2d 529, 532-33 (E.D. Pa. 2013)

(quotation omitted). "Motions to strike are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Id.* at 532 (quotation omitted).

Here, the allegations regarding the redesign and recall are relevant to the Clouds' claim for punitive damages under their negligence claim. If Electrolux was aware of a substantial risk of fire yet continued to market and sell ball-hitch dryers to consumers – including the Clouds – a reasonable jury could find that Electrolux acted with a degree of culpability sufficient to support an award of punitive damages. *See Hutchinson v. Luddy*, 870 A.2d 766, 772 (Pa. 2005) ("[I]n Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk."); *see also Saaybe v. Penn Cent. Transp. Co.*, 438 F. Supp. 65, 69 n.6 (E.D. Pa. 1977) ("[W]anton, willful and reckless conduct are degrees of negligence [and the] crucial issue in determining liability under any one of these three categories is whether or not the actor had reason to know of the risk of harm created by his conduct."). Furthermore, while Electrolux states that the allegations regarding the Japanese recall are "simply false," the Court is required to accept the allegations as true at this stage of the proceedings. *See Andrews v. Home Depot U.S.A., Inc.*, No. Civ.A.03CV5200, 2005 WL 1490474, at *2 (D.N.J. June 23, 2005) ("When evaluating a motion to strike allegations of a complaint, the court must accept as true all factual allegations in the complaint and view all reasonable inferences in the light most favorable to Plaintiffs . . . .").

Electrolux next asks the Court to dismiss paragraphs 30, 45, 46, 53, and 54 of the Amended Complaint. These paragraphs all involve allegations that because of the fire, the

Clouds had to vacate their home for a time while the fire damage was being repaired.  During this time, they lost "the use and enjoyment of their property" and their "rights and privileges [to their] use and enjoyment of the land were substantially interfered with."  (Am. Compl. ¶¶ 30, 46.)  Electrolux calls these paragraphs "a very thinly disguised Private Nuisance claim, which is disallowed by Pennsylvania law in a Product Liability case . . . ."  (Mot. to Strike & Dismiss at 9, Doc. No. 12.)  It therefore moves to dismiss these paragraphs pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

A Rule 12(b)(6) motion tests the sufficiency of the factual allegations in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  When confronted with a 12(b)(6) motion, a district court must conduct a two-step analysis.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  *Id.* at 210-11.  Then, it "must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  When making this determination, the court can consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The district court must "construe the complaint in the light most favorable to the plaintiff . . . ."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

The Court will not dismiss the Clouds' allegations regarding the loss of the use and enjoyment of their property under this standard.  Electrolux may be correct that under Pennsylvania law a private nuisance claim and a product liability claim cannot coexist.  *See Cavanagh v. Electrolux Home Prods.*, 904 F. Supp. 2d 426, 435 (E.D. Pa. 2012) ("Extending the

private nuisance doctrine to encompass a products liability claim by a non-neighboring landowner is unsupported by Pennsylvania law or policy.")  Nevertheless, damages for loss of use and enjoyment of property are recoverable in a products liability case.  *See Dalton v. McCourt Elec., LLC*, No. 12-cv-3568, 2013 WL 1124397, at *2 (E.D. Pa. Mar. 19, 2013) ("In a claim for injury to property caused by a defendant's negligence, it is well established under Pennsylvania law that a property owner is entitled to damages for the loss of the use of the property and the related inconvenience and discomfort.") (citing *Houston v. Texaco, Inc.*, 538 A.2d 502, 505 (Pa. Super. Ct. 1988)).

Here, the Amended Complaint includes counts for strict liability and negligence only.  In opposing Electrolux's motion, the Clouds represent that the paragraphs at issue do not "attempt to set forth a claim for Private Nuisance" but only seek to "outline some of the damages sustained by the Plaintiffs, which are recoverable in this action."  Such a reading of the Amended Complaint is consistent with the mandate that the Court must view the Amended Complaint in the light most favorable to the Clouds at the motion to dismiss stage.  *See Phillips*, 515 F.3d at 233.  Electrolux's motion on this point is accordingly denied.

Lastly, Electrolux asks the Court to strike the Clouds' allegations of intentional, willful, wanton, and reckless conduct and then dismiss their claim for punitive damages.  Electrolux argues that the Amended Complaint fails to set forth facts sufficient to show that Electrolux engaged in "intentional, willful, wanton, tortuous, or reckless conduct, or for punitive damages . . . ." (Mot. to Strike & Dismiss at 17.)  As explained above, however, taken as true, the Clouds' allegations of the product redesign, testing, and recall plausibly support a determination of heightened culpability to justify an award of punitive damages.  *See, e.g., Rapchak v. Freightliner Custom Chassis Corp.*, No. 13-cv-1307, 2013 WL 6668632, at *3 (W.D. Pa. Dec.

18, 2013) ("Plaintiffs aver that Defendants designed, manufactured, and/or assembled a product which they knew or should have known was defective and posed grave danger to the user. These allegations must be taken as true at this stage of the proceedings and could support an award of punitive damages if proven."). The Court will not dismiss the Clouds' claim for punitive damages at this stage.

An appropriate order follows.


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.